Haykuhi Avetisyan, Plaintiff in *Pro Se*
106 North Glendale Ave #222
Glendale, California 91206
Phone No.: 347-379-6649

FILED
CLERK, U.S. DISTRICT COURT
MAY - 1 2015
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYKUHI AVETISYAN<br>Plaintiff,<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and BANK OF AMERICA, N.A.,<br>Defendants. | CASE No. 2:14-CV-05276-ABC-ASx<br><br>**PLAINTIFF'S OPPOSION TO DEFENDANT BANK OF AMERICA'S MOTION TO COMPEL DISCOVERIES** |

COMES NOW, Plaintiff Haykuhi Avetisyan ("Plaintiff") in the above case and files this opposition to Defendant Bank of America N.A.'s ("BANA") motion to compel Discovery.

Plaintiff opposes BANA's Motion to Compel Production of Documents, Request for Admission and Request for Interrogatories. BANA seeks to compel Plaintiff to provide information, despite the fact that the Plaintiff did already provide every information and document requested by BANA. BANA's motion presents an unnecessary burden on the resources of Plaintiff and the Court.

BANA improperly using the motion to compel, because the motion to compel is to compel a party to produce documents, which is not the case in here, Plaintiff provided every document that BANA requested.

BANA is saying that they are not signed under oath; however, they never called, emailed pursuant to 7-3 and never asked Plaintiff to sign under oath. It is Plaintiff's believe that if she signs a document that she affirms the validity of the document.

1

PLAINTIFF HAYKUHI AVETISYAN'S

BANA's purported effort at complying with Local Rule 7-3 and 37-1 is clearly inadequate. Local Rule 7-3 provides that "counsel contemplating the filling of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." (bold emphasis added). The court construes Local Rule 7-3's requirements strictly. Half-hearted attempts at compliance with this rule will not satisfy counsel's obligation. It requires parties to discuss the substantive grounds for the motion, in order to attempt to reach an accord that would eliminate the need for the motion. The court strongly emphasizes that under Local Rule 7-3, discussions of the substance of contemplated motions are to take place, if at all possible, in person. It is only in exceptional cases that a telephonic conference will be allowed. All motions shall include a declaration by counsel briefly describing the parties' discussion, and attempt to eliminate the need for the motion Matters filed not complying with Local Rule 7-3 will be denied.

## I. FACTUAL BACKGROUND

Despite the strident protestations of BANA's counsels, the Plaintiff in this matter has not engaged in any willful conduct that would justify the relief requested. While Plaintiff concede that discovery in this matter has not progressed as smoothly as she has anticipated, this is not solely the responsibility of Plaintiff.

On or around January 30, 2015 Plaintiff noticed that the discovery requests made by BANA were due, upon discovering she contacted BANA's attorney Jack Gindi via email at JGindi@ReedSmith.com and requested 30 days extension as a professional courtesy. Plaintiff was not mentally and physically capable of responding any discovery request due to severe emotional distress. Plaintiff was able to gather her thoughts only after taking Xanax, which was prescribed to her by her physiatrist Dr. Aleksanyan on January 23; 2015 (Plaintiff will provide proof upon request).

1  On February 02, 2015 BANA through its attorney agreed to hold the motion to
2  compel until March 03, 2015.

3  On February 02, 2015 Plaintiff wrote a letter to BANA's attorneys requesting them
4  to provide her with word/doc.x format of the propounded discoveries, which she
5  received the same day.

6  On March 05, 2015 Plaintiff did provide all of her responses to BANA's request for
7  discoveries.

## CONCLUSION

BANA's Motion to Compel Discovery should be denied for several reasons.

BANA has not met and conferred or otherwise complied with CR 37(a) prior to filing the present Motion to Compel Discovery, FRCP 37(a)(2)(A) states .... "the Motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not make the disclosure, in an effort to secure the disclosure without court action". "To Cooperate" and with FRCP 37(a) by their failure to certify that after meeting and conferring, or attempting to meet and confer, with opposing counsel discovery was still inadequate. Despite the fact the BANA's counsel has Plaintiff phone number all along, they never made any attempt to contact Plaintiff and arrange a personal meeting.

For this reason alone BANA's motion should be denied. It has long been customary in this court particularly that the moving party seeking an Order Compelling Discovery, first set forth by way of certification compliance with CR 37(a). Most importantly, Plaintiff complied with all discovery request and had provided every information in her possession.

Therefore, based on the foregoing, the Plaintiff respectfully submit that this Court should deny BANA's Motion to Compel and Motion for Sanctions.

DATED: April 30, 2015

By: _____
Haykuhi Avetisyan, Plaintiff *Pro Se*