Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff HAYKUHI AVETISYAN

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYKUHI AVETISYAN, an individual, | CASE NO: CV14-5276 AB (ASx) |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| vs. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio Corporation; TRANS UNION, LLC, a Delaware limited liability company; BANK OF AMERICA, N.A., etc., et al., | **Final Pretrial Conference:** <br><br> **Date: March 6, 2017** <br> **Time: 11:00 am** <br> **Courtroom: 7B (West 1st St.)** |
| Defendants. | |

**COMES NOW** plaintiff HAYKUHI AVETISYAN and submits her Memorandum of Contentions of Fact and Law, as follows:

/ / /

/ / /

/ / /

---

## MEMORANDUM OF CONTENTIONS OF FACT AND LAW

### A. SUMMARY STATEMENT OF CLAIMS PLAINTIFF HAS PLED AND PLANS TO PURSUE.

**1. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA") - 15 U.S.C. §1681c-2**

**2. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA") – 15 U.S.C. §1681i;**

**3. VIOLATIONS OF THE CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA") – CALIFORNIA CIVIL CODE §1785.16.**

### B. ELEMENTS REQUIRED TO PROVE PLAINTIFF'S CLAIMS.
### 1. FCRA VIOLATIONS UNDER 1681c-2

The FCRA provides: "[A] consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of (1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer." 15 U.S.C. § 1681c-2(a).

In this case, TRANS UNION, LLC (usually "TU") initially refused to block any of the accounts in response to the receipt of the fraud affidavit from Plaintiff, and only blocked the accounts after receiving notice that a different reporting agency – Experian – had in fact blocked the accounts.

Any person who negligently fails to comply with any requirement under the

FCRA is liable for actual damages, costs, and attorneys' fees. 15 U.S.C. § 1681o(a). In addition, punitive damages may be awarded if any person willfully fails to comply. 15 U.S.C. § 1681n. Plaintiff asserts claims under both § 1681o and § 1681n.

The general negligence standard applies to claims pursuant to § 1681o. The standard is  what a reasonably prudent person would do under the circumstances. *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F2d 509, 513 (5th Cir. 1982). The term "actual damages" in §1681o includes emotional distress and humiliation. Guimond, 45 F3d at 1333. Neither a denial of credit nor transmission of a credit report to a third party is required for liability. Id.

**2. FCRA VIOLATIONS UNDER 1681i.**

In summary, the basic elements of a claim under 15 U.S.C. Section are 1681i claim: (1) Plaintiff's credit report contains inaccurate or incomplete information; (2) Plaintiff notified the CRA directly of the inaccurate or incomplete information; (3) the Plaintiff's dispute was not frivolous or irrelevant; (4) the CRA failed to respond to his dispute; (5) the failure to reinvestigate caused Plaintiff to suffer damages; and (6) actual damages resulted to the Plaintiff.   *Roybal v. Equifax*, 2008 U.S. Dist. LEXIS 79789, at *13-14 (E.D. Cal. Oct. 9, 2008).

The FCRA gives consumers the right to dispute information on their reports. Upon receiving notice of a dispute, a credit reporting agency must conduct a reasonable reinvestigation of the dispute and follow the other procedures specified in 15 U.S.C. § 1681i. It is critical that the consumer reporting  agency follow these procedures because a consumer dispute is one of the best ways of correcting inaccurate information, and it is the only way a consumer can change information that is on a report.

TRANS UNION violated several of the reinvestigation requirements, as follows: 1) failing to conduct a reasonable reinvestigation of disputed information, in violation of 15 U.S.C. §1681i(a)(1)(A); 2) failing to review and consider all relevant

1     information submitted by plaintiff regarding her disputes, in violation of 15 U.S.C.

2     §1681i(a)(4); 3) and failing to notify the furnisher about plaintiff's dispute, and

3     provide the furnisher with all relevant information received from plaintiff, within five

4     days of receiving the dispute, in violation of 15 U.S.C. §1681i(a)(2)(A).

5         Any person who negligently fails to comply with any requirement under the

6     FCRA is liable for actual damages, costs, and attorneys' fees. 15 U.S.C. § 1681o(a).

7     In addition, punitive damages may be awarded if any person willfully fails to comply.

8     15 U.S.C. § 1681n. Plaintiff asserts claims under both § 1681o and § 1681n.

9         The general negligence standard applies to claims pursuant to § 1681o. The

10    standard is  what a reasonably prudent person would do under the circumstances.

11    *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F2d 509, 513 (5th Cir. 1982).

12    The term "actual damages" in §1681o includes emotional distress and humiliation.

13    Guimond, 45 F3d at 1333. Neither a denial of credit nor transmission of a credit

14    report to a third party is required for liability. Id.

15         A consumer may recover punitive damages if the defendant acted willfully.

16    "Willful" means that defendant acted knowingly or in reckless disregard of a

17    consumer's rights under the FCRA.  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47,

18    68-69, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007). "Reckless disregard" means an

19    action entailing "an unjustifiably high risk of harm that is either known or so obvious

20    that it should be known." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. at69, 127 S. Ct. at

21    2215, quoting *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L.

22    Ed. 2d 811 (1994). A consumer need not prove malice or evil motive. *Reynolds v.*

23    *Hartford Financial Services*, 435 F.3d 1081, 1098 (9th Cir 2006), rev'd on other

24    grounds, *Safeco, supra*; *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 418 (4th

25    Cir. 2001); *Bakker v. McKinnon*, 152 F.3d 1007, 1013 (8th Cir. 1998); *Cushman v.*

26    *Trans Union Corp.*, 115 F.3d 220, 226-27 (3rd Cir. 1997).

27         Plaintiff contends that evidence shows TU's's violations of 1681i (and Civ.

28    Code §1785.16) in regard to the Discover account.

---

### 3. CCRAA VIOLATIONS.

California's legislature found, "[t]here is a need to insure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."   (Civ. Code §1785.1.)

California Civil Code section 1785.16 provides: "(a) If the completeness or accuracy of any item of information contained in his or her file is disputed by a consumer, and the dispute is conveyed directly to the consumer credit reporting agency by the consumer or user on behalf of the consumer, the consumer credit reporting agency shall within a reasonable period of time and without charge, reinvestigate . . . the disputed information before . . . unless the consumer credit reporting agency has reasonable grounds to believe and determines that the dispute by the consumer is frivolous or irrelevant . . ."

The same section provides at subparagraph (b), "In conducting that reinvestigation the consumer credit reporting agency shall review and consider all relevant information submitted by the consumer with respect to the disputed item of information," and that "[i]f the disputed item of information is found to be inaccurate, missing, or can no longer be verified by the evidence submitted, the consumer credit reporting agency shall promptly add, correct, or delete that information from the consumer's file."

Section 1785.16k provides, in pertinent part,

"If a consumer submits to a credit reporting agency a copy of a valid police report . . . the consumer credit reporting agency shall promptly and permanently block reporting any information that the consumer alleges appears on his or her credit report as a result of a violation of Section 530.5 of the Penal Code so that the information cannot be reported.  The consumer credit reporting agency shall promptly notify the furnisher of the information that the information has been so blocked. Furnishers of information and consumer credit reporting agencies shall ensure that information is unblocked only upon

1  a preponderance of the evidence establishing the facts required under

2  paragraph (1), (2), or (3)."

3  CCRAA provides statutory damages, actual damages, costs and attorney's fees,

4  pursuant to Civil Code section 1785.31.

5  The facts underlying the CCRAA claim are the same as those underlying the

6  FCRA claim.

7

8  **C. BRIEF DESCRIPTION OF KEY EVIDENCE**

9  **IN SUPPORT OF EACH CLAIM.**

10

11  **1. FCRA.**

12  Plaintiff will rely upon her own testimony, and (if necessary) the testimony of

13  Drs. Alexanian and Paltowitz.   Plaintiff also intends to rely upon any and all witness

14  from TU and Experian, and a custodian of records witness from Sullivan Mail Box

15  company.

16  Apart from testimonial evidence, Plaintiff will chiefly rely upon copies of her

17  credit reports from TU, her dispute letters and accompanying documents (such as the

18  police report and FTC fraud report), documents generated by TU (including *inter alia*

19  responses to her disputes, and internal TU documents relating to the dispute process –

20  including the ACDV), and credit denial letters referencing TU's negative reporting.

21

22  / / /

23

24  / / /

25

26  / / /

27

28

**2. CCRAA.**

Plaintiff will rely upon the same evidence (briefly described above) to support her similar CCRAA claims.

DATED: February 13, 2017                Respectfully submitted,


By:   */S/ Aidan W. Butler*
Aidan W. Butler
Attorneys for Plaintiff
HAYKUHI AVETISYAN