Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff HAYKUHI AVETISYAN

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAYKUHI AVETISYAN, an individual, | CASE NO: CV14-5276 AB (ASx) |
| Plaintiff, | **PLAINTIFF'S SEPARATE PROPOSED JURY INSTRUCTIONS** |
| vs. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio Corporation; TRANS UNION, LLC, a Delaware limited liability company; BANK OF AMERICA, N.A., etc., et al., | **Trial:**<br>**Date: April 4, 2017**<br>**Time: 8:30 am**<br>**Courtroom: 7B (West 1st St.)** |
| Defendants. | |

**TO THE HONORABLE COURT HEREIN:**

**COMES NOW** plaintiff HAYKUHI AVETISYAN and submits her Separate Proposed Jury Instructions, as follows:

/ / /

/ / /

/ / /

# INDEX

| No. | Title | Source | Page No. |
|---|---|---|---|
| 1. | CONGRESSIONAL FINDINGS AND PURPOASE | 15 U.S.C. § 1681(a) | 1 |
| 2. | **REINVESTIGATION DUTY UNDER THE FAIR CREDIT REPORTING ACT - 15 U.S.C. 1681i** | 15 U.S.C. §1681(a)(6) | 2 |
| 3. | RELIANCE ON FURNISHERS | *Cushman v. Trans Union Corp.*, 115 F.2d 220, 224 (3rd Cir. 1997); *Stevenson v. TRW, Inc.*, 987 F.2d 288, 293 (5th Cir. 1993); *Henson v. CSC Credit Serv.*, 29 F.3d 280, 286-87 (7th Cir. 1994); *Swoager v. CBI of Greater St. Petersburg*, 608 F.Supp. 972, 976 (M.D. Fla. 1985), *citing*, *Bryant v. TRW, Inc.*, 689 F.2d 72, 77 (6th Cir. 1982). | 4 |
| 4. | **NEGLIGENT NONCOMPLIANCE STANDARD** | *Thompson v. San Antonio Retail Merch. Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982). | 5 |

| | | | |
|---|---|---|---|
| 5. | WILLFUL NONCOMPLIANCE STANDARD | *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 71, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007); *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1984); *Reynolds v. Hartford Financial Services*, 435 F 3d 1081, 1098 (9th Cir 2006), *rev'd on other grounds*, *Safeco*, *supra*; *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 418 (4th Cir. 2001); *Bakker v. McKinnon*, 152 F.3d 1007, 1013 (8th Cir. 1998); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226-27 (3rd Cir. 1997). | 6 |
| 6. | **ACTUAL DAMAGES IN ABSENCE OF CREDIT DENIAL** | *Guimond v. Trans Union Credit Info. Co.*, 45 F3d 1329, 1333 (9th Cir. 1995); *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F2d 509, 513 (5th Cir. 1982); *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 418 (4th Cir. 2001). | 7 |
| 7. | **FRAUD BLOCKING REQUIREMENT UNDER THE FAIR CREDIT REPORTING ACT.** | 15 U.S.C. §1691c-2 | 8 |

| 8. | PUNITIVE DAMAGES | Model Rule 5.5 and comments, *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68-69, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007) | 9 |

## 1. CONGRESSIONAL FINDINGS AND PURPOSE

When Congress enacted the Fair Credit Reporting Act, it found that: 1) the bankingsystem is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system; and 2) there is a need to insure that credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

The purpose of the Fair Credit Reporting Act is to require that credit reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personal, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title.

*See*, 15 U.S.C. § 1681(a).

## 2. REINVESTIGATION DUTY UNDER THE FAIR CREDIT REPORTING ACT - 15 U.S.C. 1681i

The Fair Credit Reporting Act requires that if a consumer notifies a credit reporting agency that the consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, the agency must conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. The agency must complete the reinvestigation, and record the current status of the disputed information, or delete the item from the file, within 30 days from the date the agency receives notice of the dispute. *See,* 15 U.S.C. § 1681i(a)(1)(A).

The Fair Credit Reporting Act requires that the credit reporting agency shall review and consider all relevant information submitted by the consumer in conducting any reinvestigation of disputed information. *See,* 15 U.S.C. § 1681i(a)(4).

The Fair Credit Reporting Act requires that within five days of the date a credit reporting agency receives a dispute from a consumer, the agency must notify the furnisher of the information of the dispute. The notice must include all relevant information regarding the dispute that the credit reporting agency has received from the consumer. *See,* 15 U.S.C. § 1681i(a)(2)(A).

The Fair Credit Reporting Act requires that a credit reporting agency shall promptly provide to the person who furnished the disputed information all relevant information regarding the dispute that the credit reporting agency received from the consumer between the 5th day and the 30th day after receiving notice of the dispute. *See,* 15 U.S.C. § 1681i(a)(2)(B).

The Fair Credit Reporting Act requires that if an item of disputed information is found to be inaccurate, incomplete, or cannot be verified, the credit reporting agency must: 1) promptly delete that item of information, or modify that item of information, as appropriate; and 2) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer. *See,*

1  15 U.S.C. § 1681i(a)(5)(A).

  The FCRA requires that the agency send the consumer written notice of the results of the reinvestigation and a credit report that is based on the consumer's file as that file is revised as a result of the reinvestigation.

  *See,* 15 U.S.C. § 1681i(a)(6).

## 3. RELIANCE ON FURNISHERS

Equifax cannot rely merely on the information provided by the furnisher of credit information once it becomes aware that the consumer disputes the accuracy of the information.

*See*, *Cushman v. Trans Union Corp.*, 115 F.2d 220, 224 (3rd Cir. 1997); *Stevenson v. TRW, Inc.*, 987 F.2d 288, 293 (5th Cir. 1993); *Henson v. CSC Credit Serv.*, 29 F.3d 280, 286-87 (7th Cir. 1994); *Swoager v. CBI of Greater St. Petersburg*, 608 F.Supp. 972, 976 (M.D. Fla. 1985), *citing*, *Bryant v. TRW, Inc.*, 689 F.2d 72, 77 (6th Cir. 1982).

## 4. NEGLIGENT NONCOMPLIANCE STANDARD

A person acts negligently if the person fails to do something that a reasonably prudent person would do, or does something that a reasonably prudent person would not do, under the circumstances that existed.

See, *Thompson v. San Antonio Retail Merch. Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982).

# 5. WILLFUL NONCOMPLIANCE STANDARD

Willful means that Equifax intentionally performed an act that violates the Fair Credit Reporting Act, and it did so either with knowledge that its act violated the Fair Credit Reporting Act, or in reckless disregard of the Fair Credit Reporting Act.

"Reckless disregard" means an "action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'"

You do not need to find that Equifax acted with malice or an evil motive in order to find that Equifax acted willfully.

*See*, *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 71, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007); *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1984); *Reynolds v. Hartford Financial Services*, 435 F 3d 1081, 1098 (9th Cir 2006), *rev'd on other grounds*, *Safeco*, *supra*; *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 418 (4th Cir. 2001); *Bakker v. McKinnon*, 152 F.3d 1007, 1013 (8th Cir. 1998); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226-27 (3rd Cir. 1997).

## 6. ACTUAL DAMAGES IN ABSENCE OF CREDIT DENIAL

If you find that Equifax failed to comply with the Fair Credit Reporting Act, plaintiff is entitled to recover his actual damages caused by its failure to comply. Actual damages include damage to reputation, invasion of privacy, interference with her normal and usual activities, and emotional distress. Plaintiff need not prove that he was denied credit in order to recover his actual damages.

*See*, *Guimond v. Trans Union Credit Info. Co.*, 45 F3d 1329, 1333 (9th Cir. 1995); *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F2d 509, 513 (5th Cir. 1982); *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 418 (4th Cir. 2001).

# 7. FRAUD BLOCKING REQUIREMENT UNDER THE FAIR CREDIT REPORTING ACT.

The Fair Credit Reporting Act requires that consumer reporting agencies shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of—

(1) appropriate proof of the identity of the consumer;

(2) a copy of an identity theft report;

(3) the identification of such information by the consumer; and

(4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

*See,* 15 U.S.C. § 1681c-2(a).

## 8. PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a Trans Union and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff. The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that Trans Union's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if Trans Union acts in the face of aperceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if Trans Union injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of Trans Union's conduct. This includes whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish Trans Union for harm to anyone other than the plaintiff in this case.

You may also consider the net worth and profits of Trans Union. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

*See*, Model Rule 5.5 and comments, *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68-69, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007).

DATED: February 20, 2017          Respectfully submitted,

By:  */S/ Aidan W. Butler*
     Aidan W. Butler
     Attorneys for Plaintiff
     HAYKUHI AVETISYAN